**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS G. RYMER,

        Plaintiff,

v.                                             Case No. 5:16-cv-534-Orl-37PRL

THE TRAVELERS INDEMNITY
COMPANY; and NANCY G.
KORNBLUH,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. The Court's Order to Show Cause (Doc. 7), filed August 25, 2016;

2. Defendant's Response to Order to Show Cause (Doc. 9), filed September 1, 2016.

Upon consideration, the Court finds that the Order to Show Cause is due to be discharged.

Plaintiff originally filed this action in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida seeking damages for Defendants' failure to pay benefits under Florida's workers' compensation statutes. (*See* Doc. 2.) On August 19, 2016, Defendant Nancy G. Kornbluh ("**Kornbluh**") removed this action to this Court on the basis of diversity jurisdiction. (Doc. 1 ("**Notice of Removal**").) Following removal, Plaintiff served Defendant Travelers Indemnity Company ("**Travelers**"). (*See* Doc. 1-3, p. 4.) On August 23, 2016, Travelers consented to Kornbluh's Notice of Removal. (Doc. 4.)

In her Notice of Removal, Kornbluh represents that Plaintiff fraudulently joined her

as a defendant and, therefore, the Court should ignore her citizenship, which is the same as Plaintiff's, in exercising diversity jurisdiction over this action. (Doc. 1, ¶ 14.) On preliminary review of the Notice of Removal and Complaint, the Court ordered Kornbluh to show cause why she, as a fraudulently joined defendant, is permitted to remove this matter by providing legal authority in support of her position. (Doc. 7 ("**Show Cause Order**").)

Kornbluh responded to the Show Cause Order but did not provide the authority requested by the Court. (*See* Doc. 9.) Instead, Kornbluh directs the Court to the argument and authority presented in her co-defendant Travelers' motion to dismiss (Doc. 8. ("**Motion to Dismiss**")). (*Id.* ¶ 4.) However, before reaching any substantive issues, the Court must first determine whether Kornbluh properly removed the instant action.

Removal jurisdiction exists where the Court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which *the parties are completely diverse* and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing defendant bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Removal by a fraudulently joined defendant "does not render the removal procedurally defective." *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 931 (S.D. Ill. 2006). In *Bova*, a non-diverse defendant alleged that the plaintiff had fraudulently joined it as a party. *Id.* at 930. When the fraudulently joined defendant removed the case, the plaintiff argued that a fraudulently joined defendant could not effect removal. *Id.* at 930. The court disagreed and held that a fraudulently joined defendant could remove despite that

defendant "also [being] a diversity-defeating party claiming to be fraudulently joined." *Id.* at 931; *see also Moreno Energy v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 585 (S.D. Tex. 2012) (citing *Bova* but ultimately remanding for other reasons). Relying on a strict textual reading of the removal statute, the *Bova* court recognized that a fraudulently joined defendant is nonetheless "a party defendant in [the] case and therefore has a right to remove based on [a plaintiff's] claims against" her. 446 F. Supp. 2d at 931; *see also* 28 U.S.C. § 1446(a). In the absence of briefing from Kornbluh, the Court has conducted its own inquiry. In light of persuasive case law addressing this very issue, the Court is satisfied that Kornbluh properly removed this action.

Nonetheless, the Court also notes that Plaintiff served both Defendants after the time permitted by Florida Rules of Civil Procedure. *See* Fla. Stats. § 1.070(j). While this defect in service does not require the Court to remand the action, *see* 28 U.S.C. § 1448; *see also Gott v. Am. Standard, Inc.* No. 03-20772-CIV, 2003 WL 25763224 (S.D. Fla. June 25, 2003), Plaintiff is advised that he must effect proper service on Defendants pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Court's Order to Show Cause (Doc. 7) is **DISCHARGED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 14, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record