# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DENNIS G. RYMER,

        Plaintiff,

v.                                      Case No. 5:16-cv-534-Orl-37PRL

THE TRAVELERS INDEMNITY
COMPANY; and NANCY G.
KORNBLUH,

        Defendants.

## ORDER

This cause is before the Court *sua sponte*. While a motion to dismiss and a motion to stay discovery are pending, the Court *sua sponte* raises the issue of its subject matter jurisdiction. Upon consideration, the Court finds that the action is due to be remanded.

Plaintiff originally filed this action in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida seeking damages for Defendants' failure to pay benefits under Florida's workers' compensation statutes. (*See* Doc. 2.) According to the Complaint, Defendants' actions form the basis of intentional infliction of emotional distress ("**IIED**") claims. (*See id.* ¶¶ 38, 40, 47.)

Defendant Nancy G. Kornbluh ("**Kornbluh**") removed this action to this Court on the basis of diversity jurisdiction. (Doc. 1 ("**Notice of Removal**").) In her Notice of Removal, Kornbluh represents that Plaintiff fraudulently joined her as a defendant and, therefore, the Court should ignore her citizenship, which is the same as Plaintiff's, in exercising diversity jurisdiction over this action. (Doc. 1, ¶ 14.) Defendant Travelers Indemnity Company ("**Travelers**") then moved for dismissal under Federal Rule of Civil

Procedure 12(b)(6). (Doc. 8, ("**MTD**").)

Before addressing the merits of any case, a district court has an independent obligation to determine the existence of subject matter jurisdiction, even in the absence of any party's challenge. *See Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1240 (2006); *see also* 28 U.S.C. 1447(c) ("If . . . the district court lacks subject matter jurisdiction, the case shall be remanded."). An action alleging federal jurisdiction based on diversity of citizenship demands complete diversity—that is, no plaintiff may be a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *see also Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F .3d 1334, 1337 (11th Cir.2002).

Notwithstanding this requirement, a non-diverse defendant who is fraudulently joined does not defeat diversity because such defendant's citizenship is ignored in the diversity calculus. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). To establish fraudulent joinder, the removing defendant faces a "heavy" burden to demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court; or (3) a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *See id.* at 1287; *see also Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil*

*Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). In its assessment, a "district court must evaluate all factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). The possibility of stating a valid cause of action is all that is required in order for joinder to be legitimate. *Triggs*, 154 F.3d 1287; *see also Pacheco de Perez*, 139 F.3d at 1380 (noting that a mere "colorable claim" is sufficient to negate allegations of fraudulent joinder).

Here, there is no contention that Plaintiff engaged in outright fraud in pleading jurisdictional allegations, nor is there a lack of connection between the claims against Travelers and Kornbluh. Rather, Kornbluh maintains that under Florida law, Plaintiff cannot maintain an action for negligence or bad faith against insurance adjustors for actions taken within the course and scope of their employment. (Doc. 1, ¶ 14.) Extending this argument, Travelers contends that because Kornbluh was acting within the scope of her employment, Plaintiff's IIED claim against her must meet a similar fate. (Doc. 8, pp. 15–16.) Contrary to Defendants' position, the Court finds that there is at least the possibility of stating a valid IIED claim against Kornbluh. *See e.g.*, *Grace v. Royal Indem. Co.*, 949 So. 2d 1074, 1074 (Fla. DCA 3d 2007) (asserting IIED claim against insurer and adjuster); *Liberty Mut. Ins. Co. v. Steadman*, 895 So. 2d 434, 435 (Fla. DCA 2d 2005), *quashed by* 932 So. 2d 1034 (Fla. 2006) (asserting IIED claim against insurer and processing agent); *Sheraton Key Largo v. Roca*, 710 So. 2d 1016, 1016 (Fla. DCA 3d 1998) (asserting IIED claim against claims agent); *see also Inservices, Inc. v. Aguilera*,

837 So. 2d 464, 465 (Fla. DCA 3d 2002), *quashed by* 905 So. 2d 84 (Fla. 2005) (asserting IIED claim against insurer and case manager). Having determined that Kornbluh was not fraudulently joined, complete diversity is lacking and, thus, the Court does not have subject matter jurisdiction.

Whether Plaintiff can ultimately prove his case against either Defendant is an entirely separate issue and one that this Court express no opinion on due to its lack of subject matter jurisdiction. It is enough that a "colorable claim" against Kornbluh exists. As such, the matter is due to be remanded.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Clerk is **DIRECTED** to **REMAND** this action to the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

2. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 1, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Circuit Court of the Fifth Judicial Circuit
in and for Lake County, Florida